UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE GOODMAN, SR., and JOHNNIE
GOODMAN, JR.,

        Plaintiffs,                    Case Number 12-13385
                                                Honorable David M. Lawson

v.

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RELIEF

On September 24, 2012, the Court entered an order remanding this case to Genesee County Circuit Court because the defendant had failed to establish by a preponderance of the evidence that the amount in controversy exceeded $75,000. On October 2, 2012, the defendant filed a motion for relief under Federal Rule 60(b), arguing that the Court violated the local rules by failing to provide the defendant the opportunity to be heard on the amount in controversy prior to remanding the case and that there is evidence establishing that the amount in controversy in this case exceeds the jurisdictional threshold.

As a preliminary matter, the Court must determine whether it has jurisdiction to entertain the defendant's motion. Section 1447(d) of Title 28 of the United States Code states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." The Sixth Circuit has held that section 1447(d) bars consideration of any notice or motion that amounts to "the functional equivalent of a motion to review or reconsider," noting that "the language in § 1447(d) has been universally construed in other circuits to preclude further reconsideration or review of a district court's order remanding a case, because a remand to state

court divests a district court of jurisdiction such that it may not take any further action on the case." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531-32 & 531 n.1 (6th Cir. 1999) (collecting cases).

The defendant, citing *Thermatron Products v. Hermansdorfer*, 423 U.S. 336, 346 (1976), argues that there is an exception to this rule where the remanding court lacked authority to issue the remand order. The defendant argues that this Court lacked authority to issue the remand order because it did not provide the defendant the opportunity to be heard prior to remanding for failure to satisfy the amount in controversy requirement, as required under the local rules. The defendant points to *Cusachs v. Orkin Exterminating Co.*, No. CIV.A.00-2100, 2000 WL 1789971, at *1 (E.D. La. Dec. 6, 2000), in which the district court found that a failure to provide a defendant with notice of a hearing on a motion to remand warrants reconsideration under Federal Rule of Civil Procedure 60(b).

The defendant, as the removing party, bore the burden of establishing that the Court had subject matter jurisdiction to adjudicate the case. *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 462 (6th Cir. 2010). The Court, in remanding the case, found that the defendant had not met that burden. However, as the defendant accurately observed, the Court ignored Local Rule 81.1(e), which provides that "[t]he court will not enter an order to remand on the ground that the amount in controversy does not exceed the required jurisdictional amount without an opportunity to be heard." E.D. Mich. LR 81.1(e). Certainly, despite the local rule, the Court had authority to take the action it undertook. But because the Court entered its order in violation of this local rule, the Court finds it appropriate to entertain the defendant's motion Rule 60(b) motion.

Nevertheless, the Court is not persuade that it should grant the defendant the relief it seeks. The defendant has presented evidence, including evidence as to average billing rates for attorneys in private practice, the median sales price for homes in Flint, and recent damages awards in other defamation cases, that suggests that the defendant has a colorable claim that the amount in controversy in this case that exceeds $75,000. However, the plaintiffs apparently have filed an amended complaint in state court naming a second, non-diverse defendant. The defendant has not argued that the second defendant was fraudulently joined or otherwise was added to the case improperly. Adding that defendant destroys the required complete diversity between the parties and deprives the Court of subject-matter jurisdiction over the case, which is based entirely on state law. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999); *see also Baker v. Residential Funding Co., LLC*, --- F. Supp. 2d ---, ---, 2012 WL 3590682, at *5-6 (E.D. Mich. Aug. 13, 2012). Therefore, because it appears that the Court lacks subject matter jurisdiction over the case, the Court will deny the defendant's motion for relief from judgment.

Accordingly, it is **ORDERED** that the defendant's motion for relief from judgment [dkt. #14] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 12, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 12, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL