UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE GOODMAN, SR. and JOHNNIE
GOODMAN, JR.,

        Plaintiff,                      Case Number 12-13385
                                                      Honorable David M. Lawson
v.

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant.
_____/

**ORDER VACATING ORDER DENYING MOTION FOR RELIEF
FROM JUDGMENT, DENYING MOTION FOR RELIEF,
AND DENYING MOTION FOR RECONSIDERATION**

        This matter is before the Court on the defendant's motion for reconsideration. On September 24, 2012, the Court entered an order remanding the case to the Wayne County circuit court, based on the Court's finding that the defendant had failed to establish by a preponderance of the evidence that the amount in controversy requirement for diversity jurisdiction was met. On October 3, 2012, the defendant filed a motion for relief from the order of remand under Federal Rule of Civil Procedure 60(b). On October 12, 2012, the Court denied the motion for relief. On October 19, 2012, the defendant filed a motion for reconsideration of the October 12 order. The Court now finds that it lacked jurisdiction to consider the motion for relief from the order of remand, because such review is barred by 28 U.S.C. § 1447(d). The Court therefore will vacate its prior order, deny the motion for relief, and deny the motion for reconsideration.

        The defendant argues at length in its motion for reconsideration that it can establish the amount in controversy if allowed an opportunity to be heard. Whether or not the defendant can now substantiate the amount in controversy, the Court lacks jurisdiction to order a hearing or to consider

the defendant's motions, because review or reconsideration of the Court's remand order is barred by 28 U.S.C. § 1447(d). As the statute plainly states: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." The Sixth Circuit has held that section 1447(d) bars consideration of any notice or motion that amounts to "the functional equivalent of a motion to review or reconsider," noting that "the language in § 1447(d) has been universally construed in other circuits to preclude further reconsideration or review of a district court's order remanding a case, because a remand to state court divests a district court of jurisdiction such that it may not take any further action on the case." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531-32 & 531 n.1 (6th Cir. 1999) (collecting cases).

The defendant argued in its motion for relief that there is an exception to the statutory prohibition on review of a remand order, where the Court lacked the authority to remand the case in the first instance. The defendant contends that the Court lacked authority because it did not conduct a hearing on the issue of the amount in controversy, as required by Eastern District of Michigan Local Rule 81.1(e). However, none of the authorities defendant cites would permit the Court to surmount the bar of 28 U.S.C. § 1447(d) in this case. In *Thermtron Products Inc. v. Hermansdorfer*, the Supreme Court held that review of a remand order was permitted only where "the District Court did not purport to comply with the removal and remand statutes at all" and "[i]ts remand was on wholly unauthorized grounds." 423 U.S. 336, 348 n.14 (1976). That is not the case here. Indeed, the removal statute expressly commands that "[i]f *at any time* before final judgment it *appears that the district court lacks subject matter jurisdiction*, the case *shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added).

As the Supreme Court noted in *Thermtron*, "There is no doubt that in order to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues, Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court." 423 U.S. at 351. The law is clear — unless the Court remanded for reasons beyond those authorized in the removal statute, the order is beyond any review for procedural or substantive error, in this Court or elsewhere.

Accordingly, it is **ORDERED** that the order denying the defendant's motion for relief is **VACATED**.

It is further **ORDERED** that the defendant's motion for relief [dkt. #14] is **DENIED**.

It is further **ORDERED** that the defendant's motion for reconsideration [dkt. #16] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:  October 26, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 26, 2012.

s/Deborah R. Tofil  
DEBORAH R. TOFIL